**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Michael William Mueller,<br>Lisa Jeannine Mueller,<br><br>Debtor. | Case No. 26-12574 MER<br><br>Chapter 7 |
| Dawn Reitmair,<br><br>Plaintiff,<br><br>v.<br><br>Michael William Mueller,<br>Lisa Jeannine Mueller,<br><br>Defendants. | Adversary No. 26-1162 MER |

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER comes before the Court on the Motion to Dismiss Adversary Proceeding ("**Motion to Dismiss**") filed by Debtor-Defendants Michael and Lisa Mueller ("**Defendants**"), and the Response filed by Plaintiff Dawn Reitmair ("**Plaintiff**").[1]

## BACKGROUND

According to the facts pled in the Amended Complaint, the Plaintiff is an accountant who previously provided accounting services for Defendants and companies owned by Defendants. Plaintiff made two loans to the Defendants—one for $21,825 signed on December 17, 2024, and one for $7,000 signed on March 27, 2025.[2] The Defendants signed and notarized both loans. When the Defendants executed the first loan, they delivered to Plaintiff either actual title or copies of titles to two motorcycles they owned. However, it does not appear that the parties entered into any security agreement related to the loans, and Plaintiff admits she did not perfect a security interest in the motorcycles.

---

[1] ECF Nos. 15, 17.

[2] Plaintiff's original Complaint and Amended Complaint refer to numerous exhibits, including the loan agreements. None of those exhibits, however, were actually attached to either Complaint.

Defendants initially made regular payments on the loan but, at some unspecified time, they orally negotiated with Plaintiff to extend the repayment deadline and make a lower consolidated monthly payment. The Plaintiff orally agreed to this arrangement and Defendants began making the lower payment. However, in January 2026, Defendants stopped making any payment on the loans. Defendants cut off communications with Plaintiff and told Plaintiff to talk to their attorney even though they had not actually hired an attorney at that time. The Defendants filed for bankruptcy on April 16, 2026.

Plaintiff's Amended Complaint alleges the outstanding balance of both loans is $9,324.22 and that this debt should be deemed nondischargeable under 11 U.S.C. § 523(a)(2) because it was allegedly obtained through false representations. Specifically, Plaintiff contends that Defendants fraudulently misrepresented their ability to repay the loans, misled her into believing there was collateral for the loan, falsely claimed an attorney represented them and intentionally mischaracterized the amount of the debt on their bankruptcy schedules. In their Motion to Dismiss, Defendants disclaim any fraudulent intent and argue Plaintiff, as their accountant, was fully aware of their financial status. They also argue they made no misrepresentations about collateral or their attorney and argue their schedules are accurate. They further argue that the underlying loans are unenforceable because the interest terms allegedly violate Colorado law.

## ANALYSIS

### A. Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pled factual allegations in the complaint as true and construe the complaint in favor of the plaintiff.[3] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[4] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[5] The critical question is, "assum[ing] the truth of all well-pleaded facts ... and draw[ing] all reasonable inferences therefrom in the light most favorable to the plaintiffs," whether the complaint "'raise[s] a right to relief above the speculative level.'"[6]

---

[3] *Ash Creek Mining v. Lujan*, 969 F.2d 868, 870 (10th Cir. 1992).

[4] *Duran v. Carris*, 238 F.3d 1268, (10th Cir. 2001) (quotation omitted).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[6] *Dias v. City & County of Denver,* 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

**B. § 523(a)(2)**

The Plaintiff's only claim is under § 523(a)(2)(A), which provides that a Chapter 7 discharge does not discharge a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."[7] Plaintiff asserts Defendants committed two types of fraud under this subsection—false representations and false pretenses.

To establish a false misrepresentation claim under § 523(a)(2)(A), Plaintiffs must meet the following elements: (1) debtor made a false representation; (2) debtor made the representation with the intent to deceive the creditor; (3) the creditor relied on the representation; (4) the creditor's reliance was justifiable; and (5) debtor's representation caused the creditor to sustain a loss.[8] The requirements for false pretenses "are largely the same, except that requirement of a false representation is replaced by a requirement of a false pretense, which is an implied misrepresentation or a false impression created by conduct of the debtor."[9] False pretenses are "implied misrepresentations intended to create and foster a false impression" and include "conduct and material omissions."[10] They can include "any series of events, when considered collectively, that create a contrived and misleading understanding of a transaction, in which a creditor is wrongfully induced to extend money or property to the debtor."[11]

For both types of fraud, § 523(a)(2)(A) requires that the Plaintiff show evidence that the debt in question was "*obtained by*" the false representation or false pretenses.[12] This language requires proof that the fraudulent conduct occurred *at the inception of the debt*. This means the Plaintiff must "make a threshold showing that the alleged fraud existed at the time of, and has been the methodology by which, the money, property or services were obtained . . . . Misrepresentations made subsequent to the creation of the debt have no effect upon the dischargeability of a debt, since the false representation could not have been the creditor's reason for the extension of credit."[13] In addition, proof of false representation under § 523(a)(2)(A) requires "more than an alleged

[7] 11 U.S.C. § 523(a)(2)(A).

[8] *Johnson v. Riebesell (In re Riebesell)*, 586 F.3d 782, 789, 791 (10th Cir. 2009).

[9] *Privitera v. Curran (In re Curran)*, 554 B.R. 272, 285 (1st Cir. BAP 2016) (citing *Meads v. Ribeiro (In re Ribeiro)*, 2014 WL 2780027, at *9 (Bankr. D. Mass. June 19, 2014).

[10] *Cordell v. Sturgeon (In re Sturgeon)*, 496 B.R. 215, 223 (10th Cir. BAP 2013).

[11] *Id*.

[12] 11 U.S.C. § 523(a)(2)(A) (emphasis added).

[13] *Valley Memorial Homes v. Hrabik (In re Hrabik)*, 330 B.R. 765, 772-73 (Bankr. D.N.D. 2005) (citations and internal quotation omitted); *see In re Roberts*, 2023 WL 2565721, at *18 (Bankr. D. Colo. March 17, 2023) ("Post-transaction misrepresentations are irrelevant since the creditor could not have relied on such misrepresentations when making the loan.").

representation by a debtor of an intent to perform a certain action in the future."[14] Rather, a plaintiff must allege at the time when the debtor entered the agreement at issue, the debtor "either knew that she lacked the ability to repay the loan or that she had no intent to repay it."[15] The mere fact that a debtor failed to pay a debt is not sufficient to establish fraudulent intent. "It is well established that a broken promise to repay a debt, without more, will not sustain a cause of action under § 523(a)(2)(A)."[16]

In this case, Plaintiff's Complaint contains many allegations about the Defendants' failure to pay the loans. That failure alone is insufficient to sustain a § 523(a)(2) claim. Instead, to allege a viable claim, Plaintiff must make factual allegations that Defendants, at the time they entered into the loans, either knew they lacked the ability to repay or had no intention of repaying. The Complaint does not contain such allegations. Rather, the Amended Complaint only makes one conclusory statement that Defendants fraudulently misrepresented their ability to repay the loans at the time the loan agreements were signed. The Complaint contains no other factual allegations regarding what statements were made or the Defendants' intent at the time the loan agreements were signed. One conclusory allegation is an insufficient basis to state a plausible claim under § 523(a)(2)(A).[17]

Plaintiff also alleges that Defendants committed a "false pretense of financial security" when they provided her with titles or copies of titles to their motorcycles and that this amounted to a "trick" because the titles were never formally recorded as perfected security interests. These allegations also fail to support a § 523(a)(2) claim. To be actionable fraud, a misrepresentation or implied representation must be of an existing or past material fact. "A representation of law is a statement of opinion as to what the law permits or prohibits, and cannot support an action for fraud."[18] A misrepresentation of law concerns "the legal meaning and effect of a statute, ruling, or other source of law."[19] Thus, any implied representation or omission by the Defendants regarding the legal requirements for securing a lien on the motorcycles is not actionable fraud.[20] Even if it were actionable fraud, the Plaintiff has not alleged facts to establish

---

[14] *Invest Atlanta Regional Center, LLC v. Smith (In re Smith)*, 578 B.R. 866, 876 (Bankr. N.D. Ga. 2017).

[15] *Id.* (internal quotation omitted).

[16] *Giansante & Cobb, LLC v. Singh (In re Singh)*, 433 B.R. 139, 163 (Bankr. E.D. Pa. 2010) (internal citation omitted).

[17] *In re Smith*, 578 B.R. at 877 (dismissing § 523(a)(2) claim that contained only conclusory statements that the debtor did not intend to repay the loan).

[18] *Brodeur v. American Home Assur. Co.*, 169 P.3d 139, 153 (Colo. 2007).

[19] *Id.* (citing *Equal Justice Found. v. Deutsche Bank Trust Co. Am.*, 412 F.Supp.2d 790, 795-96 (S.D. Ohio 2005)). There are certain exceptions to this rule but none of the facts alleged in the Amended Complaint suggest that these exceptions apply in this case. *Id.* at 154 (discussing exceptions of special knowledge and fiduciary relationship).

[20] *Id.* at 154; *Feit v. Donahue*, 826 P.2d 407, 412 (Colo. App. 1992) (holding plaintiff could not base a fraudulent concealment claim on an alleged failure to disclose applicable zoning requirements); *Privitera v. Curran (In re Curran)*, 554 B.R. 272, 286-87 (1st Cir. BAP 2016) (concluding list of collateral provided by debtor was not a false misrepresentation or false pretense).

her reliance on the Defendants' conduct was justifiable given that she had equal access to the law regarding secured transactions and could have taken steps ensure the loans she was making were secured by motorcycles or other collateral.[21]

The Plaintiff's other allegations of misrepresentations both occurred well after Defendants took out the loans. The Defendants' alleged comments about being represented by an attorney and their listing of the loan debt in their bankruptcy schedules both occurred many months after Defendants signed the loan agreements. Thus, those alleged misrepresentations could not have been the Plaintiff's reason for extending the loans to Defendants and they do not support a § 523(a)(2) claim. The Court will therefore dismiss the Amended Complaint but grant the Plaintiff leave to amend.

**C. Defendants Other Arguments**

Defendants' Motion to Dismiss makes various arguments disputing the facts alleged in the Amended Complaint and accusing the Plaintiff of bad faith. These are not valid grounds for dismissal under Rule 12(b)(6). The Court's role in deciding the Motion to Dismiss is not to weigh potential evidence that the parties might present at trial, but to assess whether the Plaintiff's Amended Complaint alone is legally sufficient to state a claim for which relief may be granted. Defendants' belief that they did not defraud Plaintiff is not a legitimate ground to dismiss Plaintiff's § 523(a)(2) claim under Rule 12(b)(6).

The Defendants also argue that the loans they obtained from Plaintiff violate Colorado law by charging excessive interest. This argument is an affirmative defense. While affirmative defenses can serve as a basis for a Rule 12(b)(6) motion, such a motion may only be granted "when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements."[22] Defendants' state law defense depends on facts outside the four corners of the Plaintiff's Amended Complaint and the Plaintiff disputes many of those facts in her response. As such, the Court declines to address this affirmative defense in ruling on the Motion to Dismiss.

---

[21] *In re Curran*, 554 B.R. at 286 (dismissing § 523(a)(2) claim where plaintiff would not be able to establish her reliance on debtor's list of collateral was justifiable given that she never bothered to take any steps to obtain or perfect a security interest in those assets); *Two, Inc. v. Gilmore*, 679 P.2d 116, 117-18 (Colo. App. 1984) ("A representation of what the law will or will not permit to be done is one upon which the party to whom it is made has no right to rely. If he does so it is at his own risk. The truth or falsehood of such a representation can be tested by ordinary vigilance and attention.").

[22] *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018).

## CONCLUSION

For all the reasons set forth above the Court hereby ORDERS as follows:

1. The Defendants' Motion to Dismiss is GRANTED and the Plaintiff's Amended Complaint is DISMISSED.

2. The Plaintiff is granted leave to file a second amended complaint on or before November 20, 2026.

Dated: November 2, 2026.

BY THE COURT:

Michael E. Romero
United States Bankruptcy Court